# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CENTER FOR BIOLOGICAL DIVERSITY, et al.,

        Plaintiffs,

    v.

DEBRA HAALAND, et al.,

        Defendants.

Civil Action No. 1:24-cv-00990-DLF

## [PROPOSED] ANSWER

Intervenor-Defendant American Petroleum Institute ("API") answer and assert their affirmative defenses with respect to Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint"). The numbered paragraphs of this Answer correspond to the paragraph numbers in the Complaint and with headings and subheadings that correspond to the headings and subheadings used in the Complaint.

## INTRODUCTION

1.      The allegations in the first and third sentence of this paragraph represent a characterization of Plaintiffs' legal claims and therefore require no response. The allegations in the second sentence of this paragraph state Plaintiffs' characterization of the Endangered Species Act ("ESA"), and therefore require no response. To the extent any response is required, the allegations in this paragraph are misleading, overly broad, vague, speculative, and ambiguous, and are therefore denied.

2.      The allegations in this paragraph state Plaintiffs' characterization of their legal claims and therefore do not require a response. To the extent any response is required, API denies the allegations.

3.      The allegations in this paragraph state Plaintiffs' characterization of United States Fish and Wildlife Service ("FWS") 2018 Biological Opinion ("BiOp") and Plaintiffs' characterization of FWS's actions in response to Plaintiff Center for Biological Diversity's ("CBD") rulemaking petition, which require no response as the BiOp and FWS's actions speak for themselves. To the extent any response is required, API denies the allegations.

4.      The allegations in this paragraph state Plaintiffs' characterization of the BiOp, which require no response as the BiOp speaks for itself and provides the best evidence of its contents. To the extent that Plaintiffs' allegations are inconsistent with the BiOp, API denies them.

5.      API admits that there are federally authorized oil and gas activities occurring in the Gulf of Mexico. API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding the size and amount of active leases and new lease sales. To the extent any response is required, API denies the allegations.

6.      The first sentence in this paragraph is denied. The second sentence appears to be a characterization of an unidentified Department of Interior report, the contents of which speak for itself and is the best evidence of its contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the federally-authorized oil and gas activities in the Gulf of Mexico. The remaining allegations in this paragraph are misleading, overly broad, vague, speculative, and ambiguous, and are therefore denied.

7.      The allegations in this paragraph state Plaintiffs' characterization of the BiOp and a 2008 legal Solicitor's opinion ("Bernhardt Memo" or "M-Opinion"), which require no response as the BiOp and Bernhardt Memo speak for themselves and provide the best evidence

of their contents. To the extent that any response is required or that Plaintiffs' allegations are inconsistent with the BiOp and Bernhardt Memo, API denies them.

8.       The allegations in this paragraph state Plaintiffs' characterization of the BiOp, which require no response as the BiOp speaks for itself and provide the best evidence of its contents. To the extent that Plaintiffs' allegations are inconsistent with the BiOp, API denies them.

9.       The allegations in this paragraph state Plaintiffs' characterization of the BiOp, which require no response as the BiOp speaks for itself and provide the best evidence of its contents. To the extent that Plaintiffs' allegations are inconsistent with the BiOp, API denies them.

10.      The allegations in this paragraph state Plaintiffs' characterization of the BiOp, which require no response as the BiOp speaks for itself and provide the best evidence of its contents. To the extent that Plaintiffs' allegations are inconsistent with the BiOp, API denies them. API is without sufficient information to form a belief as to the allegations contained in the third sentence of this paragraph regarding unidentified agencies. To the extent any response is required, the allegations contained in the third sentence of this paragraph are misleading, overly broad, vague, and ambiguous, and are therefore denied.

11.      The allegations in this paragraph state Plaintiffs' characterization of their requested relief and therefore do not require a response.

## JURISDICTION AND VENUE

12.      In response to this paragraph, API states that the allegations contained in this paragraph purport to characterize Plaintiffs' action, to which no response is required, and that the Court's jurisdiction is a matter of law which does not require a response. API further states that

the cited federal laws speak for themselves. The allegations in the second sentence of this paragraph are vague, speculative, and ambiguous, and are therefore denied.

13. In response to this paragraph, API states that venue is a matter of law which does not require a response, and further state that the cited federal laws speak for themselves.

## PARTIES

### I. Plaintiffs

14. API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding CBD, and are therefore denied.

15. API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding CBD, and are therefore denied.

16. API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding CBD's unidentified members, and are therefore denied.

17. The allegations in this paragraph are misleading, overly broad, speculative, vague, and ambiguous, and are therefore denied.

18. The allegations in this paragraph are misleading, overbroad, speculative, vague, and ambiguous, and are therefore denied.

19. API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding CBD's unidentified members, and are therefore denied.

20. API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding CBD's unidentified members, and are therefore denied.

21. The allegations in this paragraph state Plaintiffs' characterization of their legal conclusions and therefore require no response. To the extent any response is required, API denies the allegations.

123422087.4 0078439-00070

22.     The allegations in this paragraph state Plaintiffs' characterization of their legal conclusions and therefore require no response. To the extent any response is required, API denies the allegations.

23.     Denied.

24.     API is without sufficient information to form a belief as to the allegations contained in this paragraph, and are therefore denied.

25.     API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding Dr. Stuart Pimm, and are therefore denied.

26.     API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding Dr. Stuart Pimm, and are therefore denied.

27.     API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding Dr. Stuart Pimm, and are therefore denied.

28.     API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding Dr. Stuart Pimm, and are therefore denied.

29.     API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding Dr. Stuart Pimm, and are therefore denied.

## II.     Defendants

30.     API admits that Debra Haaland is the Secretary of the U.S. Department of the Interior ("Interior"). To the extent this paragraph purports to characterize Secretary Haaland's legal responsibilities, the relevant laws and regulations speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

31.     API admits that Martha Williams is the Director of the U.S. Fish and Wildlife Service ("FWS"). To the extent this paragraph purports to characterize Director Williams's legal

responsibilities, the relevant laws and regulations speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

32.     API admits that FWS is a federal agency within the Interior. To the extent this paragraph purports to characterize FWS's legal responsibilities, the relevant laws and regulations speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

## LEGAL BACKGROUND

### I.     The Endangered Species Act

33.     The allegations in this paragraph state Plaintiffs' characterizations of caselaw, which require no response as the applicable caselaw speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the applicable caselaw API denies them.

34.     The allegations in this paragraph purports to characterize the Secretary of the Interior and Secretary of Commerce's legal responsibilities, which speak for themselves and therefore require no response. To the extent Plaintiffs' allegations are inconsistent with the Secretary of Interior and Secretary of Commerce's legal responsibilities, API denies them.

35.     The allegations in this paragraph state Plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations are inconsistent with applicable law, API denies them.

36.     The allegations in this paragraph state Plaintiffs' characterizations of laws, which require no response as the applicable laws speaks for themselves. To the extent Plaintiffs' allegations are inconsistent with applicable laws, API denies them.

37.     The allegations in this paragraph state Plaintiffs' characterizations of laws, which require no response as the applicable laws speaks for themselves. To the extent Plaintiffs' allegations are inconsistent with applicable laws, API denies them.

38.     The allegations in this paragraph state Plaintiffs' characterizations of laws and federal regulations, which require no response as the applicable laws and regulations speak for themselves. To the extent Plaintiffs' allegations are inconsistent with applicable laws and regulations, API denies them.

39.     The allegations in this paragraph state Plaintiffs' characterizations of law and federal regulations, which require no response as the applicable law and regulations speak for themselves. To the extent Plaintiffs' allegations are inconsistent with applicable law and regulations, API denies them.

40.     The allegations in this paragraph state Plaintiffs' characterizations of law and caselaw, which require no response as the applicable law and caselaw speak for themselves. To the extent Plaintiffs' allegations are inconsistent with applicable law and caselaw, API denies them.

41.     The allegations in this paragraph state Plaintiffs' characterizations of law and federal regulations, which require no response as the applicable law and regulations speak for themselves. To the extent Plaintiffs' allegations are inconsistent with applicable law and regulations, API denies them.

42.     The allegations in this paragraph state Plaintiffs' characterizations of law and federal regulations, which require no response as the applicable law and regulations speak for themselves. To the extent Plaintiffs' allegations are inconsistent with applicable law and regulations, API denies them.

43.     The allegations in this paragraph state Plaintiffs' characterizations of law and federal regulations, which require no response as the applicable law and regulations speak for themselves. To the extent Plaintiffs' allegations are inconsistent with applicable law and regulations, API denies them.

44.     The allegations in this paragraph state Plaintiffs' characterizations of federal regulations, which require no response as the applicable regulations speak for themselves. To the extent Plaintiffs' allegations are inconsistent with applicable regulations, API denies them.

45.     The allegations in this paragraph state Plaintiffs' characterizations of federal regulations, which require no response as the applicable regulations speaks for themselves. To the extent Plaintiffs' allegations are inconsistent with applicable regulations, API denies them.

46.     The allegations in this paragraph state Plaintiffs' characterizations of federal regulations, which require no response as the applicable regulations speak for themselves. To the extent Plaintiffs' allegations are inconsistent with applicable regulations, API denies them.

47.     The allegations in this paragraph state Plaintiffs' characterizations of federal regulations, which require no response as the applicable regulations speak for themselves. To the extent Plaintiffs' allegations are inconsistent with applicable regulations, API denies them.

48.     Denied.

49.     The allegations in this paragraph state Plaintiffs' characterizations of law and federal regulations, which require no response as the applicable law and regulations speak for themselves. To the extent Plaintiffs' allegations are inconsistent with applicable law and regulations, API denies them.

50.     The allegations in this paragraph state Plaintiffs' characterizations of law and federal regulations, which require no response as the applicable law and regulations speak for

themselves. To the extent Plaintiffs' allegations are inconsistent with applicable law and regulations, API denies them.

51. The allegations in this paragraph state Plaintiffs' characterizations of laws and federal regulations, which require no response as the applicable laws and regulations speak for themselves. To the extent Plaintiffs' allegations are inconsistent with applicable laws and regulations, API denies them.

52. The allegations in this paragraph state Plaintiffs' characterizations of federal regulations, which require no response as the applicable regulations speaks for themselves. To the extent Plaintiffs' allegations are inconsistent with applicable regulations, API denies them.

53. The allegations in this paragraph state Plaintiffs' characterizations of law and federal regulations, which require no response as the applicable law and regulations speak for themselves. To the extent Plaintiffs' allegations are inconsistent with applicable law and regulations, API denies them.

## II.     Outer Continental Shelf Lands Act

54. The allegations in this paragraph state Plaintiffs' characterizations of laws, which require no response as the applicable laws speaks for itself. To the extent Plaintiffs' allegations are inconsistent with applicable laws, API denies them.

55. The allegations in this paragraph state Plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations are inconsistent with applicable law, API denies them.

56. The allegations in this paragraph state Plaintiffs' characterizations of caselaw, which require no response as the applicable caselaw speaks for itself. To the extent Plaintiffs' allegations are inconsistent with applicable law, API denies them.

57.     The allegations in this paragraph state Plaintiffs' characterizations of laws, which require no response as the applicable laws speaks for itself. To the extent Plaintiffs' allegations are inconsistent with applicable laws, API denies them.

58.     The allegations in this paragraph state Plaintiffs' characterizations of federal regulations, which require no response as the applicable regulations speak for themselves. To the extent Plaintiffs' allegations are inconsistent with applicable law, API denies them.

59.     The allegations in this paragraph state Plaintiffs' characterizations of the Secretary of Interior, Bureau of Ocean Energy Management ("BOEM"), and Bureau of Safety and Environmental Enforcement ("BSEE")'s legal responsibilities, which speak for themselves and therefore require no response. To the extent Plaintiffs' allegations are inconsistent with applicable federal regulations, API denies them.

## III.     Administrative Procedure Act

60.     The allegations in this paragraph state Plaintiffs' characterizations of laws, which require no response as the applicable laws speaks for itself. To the extent Plaintiffs' allegations are inconsistent with applicable laws, API denies them.

61.     The allegations in this paragraph state Plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations are inconsistent with applicable law, API denies them.

62.     The allegations in this paragraph state Plaintiffs' characterizations of laws, which require no response as the applicable laws speaks for itself. To the extent Plaintiffs' allegations are inconsistent with applicable laws, API denies them.

123422087.4 0078439-00070

63.     The allegations in this paragraph state Plaintiffs' characterizations of laws, which require no response as the applicable laws speaks for itself. To the extent Plaintiffs' allegations are inconsistent with applicable laws, API denies them.

64.     The allegations in this paragraph state Plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations are inconsistent with applicable law, API denies them.

## FACTUAL BACKGROUND

### 1.     The 2008 M-Opinion and the Department of the Interior's Positions on Consideration of Greenhouse Gases in Consultations

65.     The allegations in this paragraph state Plaintiffs' characterization of a 2008 legal Solicitor's opinion, which require no response as the legal opinion speaks for itself. API respectfully refers the Court to the legal opinion for a complete and accurate statement of its contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the legal opinion. The allegations in this paragraph also state Plaintiffs' characterization of two internal agency memoranda, which require no response as those documents speak for themselves. API respectfully refers the Court to the two internal agency memoranda for a complete and accurate statement of their contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the two internal agency memoranda.

66.     The allegations in this paragraph state Plaintiffs' characterization of a 2008 legal Solicitor's opinion, which require no response as the legal opinion speaks for itself. API respectfully refers the Court to the legal opinion for a complete and accurate statement of its contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the legal opinion.

123422087.4 0078439-00070

67.     The allegations in this paragraph are misleading, overly broad, vague, speculative, and ambiguous, and are therefore denied.

68.     The allegations in this paragraph state Plaintiffs' characterization of a 2018-19 rulemaking process to amend certain regulations related to the ESA section 7 consultation process, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the 2019 Final Rule are denied.

69.     The allegations in this paragraph are overly broad, vague, speculative, and ambiguous, and are therefore denied.

70.     The allegations in this paragraph are misleading, overly broad, vague, speculative, and ambiguous, and are therefore denied.

71.     API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding unidentified scientific consensus and evidence. API admits that the U.S. joined the Paris Agreement in 2016. The remainder of this paragraph represents Plaintiffs' characterization of the Paris Agreement and the U.S. National Climate Assessment, which speak for themselves and provide the best evidence of their content. To the extent that Plaintiffs' allegations are inconsistent with the Paris Agreement and the U.S. National Climate Assessment, API denies them.

## II.     Plaintiffs' Requests to Rescind the M-Opinion and Address Climate Change in the ESA Consultation Regulations.

72.     The allegations in this paragraph state Plaintiffs' characterization of Executive Order 13990, and accordingly, no response is required. API respectfully refers the Court to the Executive Order for a complete and accurate statement of its contents. To the extent any

response is required, API denies that this paragraph accurately and completely summarizes the Executive Order.

73.     Denied.

74.     The allegations in this paragraph state Plaintiffs' characterization of a formal request from February 2021 by a group of scientists, and accordingly, no response is required. API respectfully refers the Court to the formal request for a complete and accurate statement of its contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the formal request.

75.     The allegations in this paragraph state Plaintiffs' characterization of their February 2021 letter to the Secretary of the Interior, which speak for itself, and therefore, no response is required. The remaining allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

76.     API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

77.     Denied.

78.     Denied.

## III.    Gulf Oil and Gas Drilling Threatens Imperiled Wildlife and Their Habitats

79.     Admit.

80.     API admits that the waters of the Gulf of Mexico contain various marine species. API is without sufficient information to form a belief as to the remaining allegations contained in this paragraph and therefore denies the same.

81.     API admits that the waters of the Gulf of Mexico contain various marine species and that the Kemp's ridley sea turtle, loggerhead sea turtle, green sea turtle, leatherback sea

turtle, hawksbill sea turtle, and West Indian manatee are federally listed as threatened or endangered species. The remaining allegations in this paragraph are vague and ambiguous, and are therefore denied.

82. API admits that there are bird species that can be found on the Gulf of Mexico and that the Cape Sable seaside sparrow, Mississippi sandhill crane, piping plover, roseate tern, rufa red knot, whopping crane, wood stork, Eastern black rail, and black-capped petrel are federally listed as threatened or endangered species. The remaining allegations in this paragraph are vague and ambiguous, and are therefore denied.

83. API admits that there are beach mice species that can be found on the Gulf of Mexico and that the Alabama beach mouse, Choctawhatchee beach mouse, Perdido Key beach mouse, and St. Andrew beach mouse are federally listed as endangered species. The remaining allegations in this paragraph are vague and ambiguous, and are therefore denied.

## IV. Adverse Wildlife Effects of Federal Offshore Oil and Gas Activities

84. API admits that many oil and gas activities are carried out in the Gulf of Mexico. The remaining allegations in this paragraph are misleading, overly broad, vague, and ambiguous, and are therefore denied.

85. API admits that oil and gas activities are carried out in the Gulf of Mexico. The remaining allegations in this paragraph are misleading, overly broad, vague, speculative, and ambiguous, and are therefore denied.

### A. Sea Level Rise and Climate Change

86. API admits that the combustion of fossil fuels contributes to climate change. The remaining allegations in this paragraph are misleading, overly broad, vague, speculative, and ambiguous, and are therefore denied.

87.     API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding unidentified research, studies, and reports. The remaining allegations in this paragraph are misleading, overly broad, vague, and ambiguous, and are therefore denied.

88.     API admits that the Cape Sable seaside sparrow is federally listed as an endangered species. The second, third, fifth, and sixth sentences of this paragraph state Plaintiffs' characterization of federal agency documents and decisions, which require no response as those documents and decisions speak for themselves and provide the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the federal documents and decisions, API denies them. API is without sufficient information to form a belief as to the allegations contained in the fourth sentence of this paragraph. The remaining allegations in this paragraph are misleading, overly broad, vague, speculative, and ambiguous, and are therefore denied.

89.     The allegations in this paragraph state Plaintiffs' characterization of federal agency documents and decisions, which require no response as those documents and decisions speak for themselves and provide the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the federal documents and decisions, API denies them. The remaining allegations in this paragraph are misleading, overly broad, vague, and ambiguous, and are therefore denied.

90.     The allegations in this paragraph state Plaintiffs' characterization of federal agency documents and decisions, which require no response as those documents and decisions speak for themselves and provide the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the federal documents and decisions, API denies them. The

remaining allegations in this paragraph are misleading, overly broad, vague, and ambiguous, and are therefore denied.

91.     The allegations in this paragraph state Plaintiffs' characterization of federal regulations, which require no response as those regulations speak for themselves and provide the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the regulations, API denies them. The remaining allegations in this paragraph are misleading, overly broad, vague, and ambiguous, and are therefore denied.

92.     The allegations in this paragraph state Plaintiffs' characterization of federal agency documents and decisions, which require no response as those documents and decisions speak for themselves and provide the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the federal documents and decisions, API denies them. The remaining allegations in this paragraph are misleading, overly broad, vague, and ambiguous, and are therefore denied.

93.     API admits that the combustion of fossil fuels contributes to climate change. The remaining allegations in this paragraph are misleading, overly broad, vague, speculative, and ambiguous, and are therefore denied.

94.     API admits that the green sea turtle is federally listed as a threatened species. The remaining allegations of this paragraph state Plaintiffs' characterization of federal regulations, which require no response as those regulations speak for themselves and provide the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the federal regulations, API denies them. The remaining allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

95.     API admits that the Hawksbill sea turtle is federally listed as an endangered species. The remaining allegations in this paragraph state Plaintiffs' characterization of federal agency documents and decisions, which require no response as those documents and decisions speak for themselves and provide the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the federal documents and decisions, API denies them. The remaining allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

96.     The allegations in this paragraph state Plaintiffs' characterization of federal agency documents and decisions, which require no response as those documents and decisions speak for themselves and provide the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the federal documents and decisions, API denies them. The remaining allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

97.     API admits that the leatherback sea turtle is federally listed as an endangered species. The allegations in this paragraph state Plaintiffs' characterization of federal agency documents and decisions, which require no response as those documents and decisions speak for themselves and provide the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the federal documents and decisions, API denies them. The remaining allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

98.     API admits that the loggerhead sea turtle is federally listed as an endangered species. The allegations in this paragraph state Plaintiffs' characterization of federal agency documents and decisions, which require no response as those documents and decisions speak for

themselves and provide the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the federal documents and decisions, API denies them. The remaining allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

99.     API admits that the Gulf sturgeon is federally listed as a threatened species. The allegations in this paragraph state Plaintiffs' characterization of federal agency documents and decisions, which require no response as those documents and decisions speak for themselves and provide the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the federal documents and decisions, API denies them. The remaining allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

100.     API admits that the Alabama beach mouse is federally listed as an endangered species. The allegations in this paragraph state Plaintiffs' characterization of federal agency documents and decisions, which require no response as those documents and decisions speak for themselves and provide the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the federal documents and decisions, API denies them. The remaining allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

101.     API admits that the Choctawhatchee beach mouse is federally listed as an endangered species. The allegations in this paragraph state Plaintiffs' characterization of federal agency documents and decisions, which require no response as those documents and decisions speak for themselves and provide the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the federal documents and decisions, API denies them. The

remaining allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

102. The allegations in this paragraph state Plaintiffs' characterization of federal agency documents and decisions, which require no response as those documents and decisions speak for themselves and provide the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the federal documents and decisions, API denies them. The remaining allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

103. API admits that the combustion of fossil fuels contributes to climate change. The remaining allegations in this paragraph are misleading, overbroad, vague, speculative, and ambiguous, and are therefore denied.

**B.    Oil Spills**

104. The allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

105. The allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied. API is without sufficient information to form a belief as to the allegations contained in the fourth sentence of this paragraph regarding unidentified studies.

106. The allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied. The allegations in the third sentence of this paragraph state Plaintiffs' characterization of an analysis conducted by Ryan Takeshita et al., and accordingly, no response is required. API respectfully refers the Court to the analysis for a complete and accurate statement of its contents. To the extent any response is required, API denies that this sentence accurately and completely summarizes the analysis.

107. API is without sufficient information to form a belief as to the allegations contained in this paragraph.

108. The allegations in this paragraph state Plaintiffs' characterization of federal regulation and agency actions, which require no response as those federal regulation and agency actions speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable regulation and agency actions, API denies them. The remaining allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

109. The allegations in the fourth sentence of this paragraph state Plaintiffs' characterization of federal regulation and agency actions, which require no response as those federal regulation and agency actions speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the applicable regulation and agency actions, API denies them. The remaining allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

## C. Light and Noise Pollution

110. The allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

111. The allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

## D. Collisions with Platforms and Vessels

112. The allegations in this paragraph state Plaintiffs' characterization of a 2015 BOEM study, which require no response as the BOEM study speaks for itself and provide the best evidence of its contents. To the extent that Plaintiffs' allegations are inconsistent with the

BOEM study, API denies them. The remaining allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

113.     The allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

**V.     The 2018 Biological Opinion on Gulf Oil and Gas Drilling**

114.     API admits that there have been multiple Section 7 consultations on oil and gas activities in the Gulf of Mexico, dating back to 1979. The allegations in this paragraph state Plaintiffs' characterization of past biological opinions on oil and gas activities in the Gulf of Mexico, which require no response as those documents speak for themselves and provide the best evidence of their contents. To the extent that Plaintiffs' allegations are inconsistent with past applicable biological opinions, API denies them. The remaining allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

115.     API admits that the well blowout and subsequent Deepwater Horizon ("DWH") explosion caused an oil spill in 2010. The remaining allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

116.     The allegations in this paragraph state Plaintiffs' characterization of federal agency documents and decision, which require no response as those documents and decisions speak for themselves. To the extent Plaintiffs' allegations are inconsistent with the federal documents and decisions, API denies them. The remaining allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

117.     The allegations in this paragraph state Plaintiffs' characterization of the FWS 2018 biological opinion, which require no response as the 2018 BiOp speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the 2018 BiOp, API denies them.

118.     The allegations in this paragraph state Plaintiffs' characterization of the FWS 2018 BiOp, which require no response as the 2018 BiOp speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the 2018 BiOp, API denies them.

119.     The allegations in this paragraph state Plaintiffs' characterization of the FWS 2018 BiOp, which require no response as the 2018 BiOp speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the 2018 BiOp, API denies them.

120.     The allegations in this paragraph state Plaintiffs' characterization of the FWS 2018 BiOp, which require no response as the 2018 BiOp speaks for itself. To the extent Plaintiffs' allegations are inconsistent with the 2018 BiOp, API denies them.

## VI.     The 2018 Biological Opinion's Failure to Address Oil and Gas Drilling Impacts on Climate Change

121.     API admits that the 2018 BiOp covers oil and gas activity in the Gulf of Mexico. The remaining allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

122.     The allegations in this paragraph state Plaintiffs' characterization of the 2018 BiOp, which require no response as the 2018 BiOp speaks for itself and provide the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the 2018 BiOp, API denies them. The remaining allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

123.     Denied.

124.     API admits that the 2018 BiOp covers oil and gas activity in the Gulf of Mexico. API is without sufficient information as to form a belief as to the allegations contained in this paragraph regarding unidentified BOEM projections. The remaining allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

123422087.4 0078439-00070

125.    The allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

126.    The allegations in this paragraph state Plaintiffs' characterization of the 2018 BiOp, which require no response as the 2018 BiOp speaks for itself and provide the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the 2018 BiOp, API denies them. The remaining allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

**VII.    The Biological Opinion Also Fails to Adequately Address Other Impacts**

127.    The allegations in this paragraph state Plaintiffs' characterization of the 2018 BiOp, which require no response as the 2018 BiOp speaks for itself and provide the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the 2018 BiOp, API denies them. API is without sufficient information as to form a belief as to the allegations contained in the fifth, sixth, seventh, eighth, and ninth sentences of this paragraph regarding unidentified studies and federal agency documents. The remaining allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

128.    The allegations in this paragraph state Plaintiffs' characterization of the 2018 BiOp, which require no response as the 2018 BiOp speaks for itself and provide the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the 2018 BiOp, API denies them. The remaining allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

129.    Denied.

130.    The allegations in this paragraph state Plaintiffs' characterization of the 2018 BiOp, which require no response as the 2018 BiOp speaks for itself and provide the best

evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the 2018 BiOp, API denies them. The remaining allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

131.    The allegations in this paragraph state Plaintiffs' characterization of the 2018 BiOp, which require no response as the 2018 BiOp speaks for itself and provide the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the 2018 BiOp, API denies them. The remaining allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

132.    The allegations in this paragraph state Plaintiffs' characterization of the 2018 BiOp, which require no response as the 2018 BiOp speaks for itself and provide the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the 2018 BiOp, API denies them. The remaining allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF:
### The Biological Opinion Violates the
### Endangered Species Act and Administrative Procedure Act

133.    API admits and denies the allegations of this paragraph as stated above.

134.    The allegations in the first sentence of this paragraph state Plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations are inconsistent with applicable law, API denies them. The remaining allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and are therefore denied.

135.    Denied.

136.    Denied.

137.     The allegations in the first sentence of this paragraph state Plaintiffs'
characterizations of law, which require no response as the applicable law speaks for itself. To the
extent Plaintiffs' allegations are inconsistent with applicable law, API denies them. The
remaining allegations in this paragraph are misleading, overbroad, vague, and ambiguous, and
are therefore denied.

### SECOND CLAIM FOR RELIEF:
#### The Service's Unreasonable Delay in Responding to
#### the Center's Petition Violates the Administrative Procedure Act

138.     API admits and denies the allegations of this paragraph as stated above.

139.     The allegations in this paragraph state Plaintiffs' characterizations of law, which
require no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations
are inconsistent with applicable law, API denies them.

140.     The allegations in the first sentence of this paragraph state Plaintiffs'
characterizations of law, which require no response as the applicable law speaks for itself. To the
extent Plaintiffs' allegations are inconsistent with applicable law, API denies them. The
remaining allegations in this paragraph are denied.

141.      The allegations in this paragraph are misleading, overbroad, vague, and
ambiguous, and are therefore denied.

142.     Denied.

143.     The allegations in this paragraph state Plaintiffs' characterizations of law, which
require no response as the applicable law speaks for itself. To the extent Plaintiffs' allegations
are inconsistent with applicable law, API denies them.

144.     Denied.

Except as expressly admitted in this Answer, API denies each and every allegation
contained in Plaintiffs' Complaint and the whole thereof.

## REQUEST FOR RELIEF

API denies that Plaintiffs are entitled to any of the relief requested in the Complaint, including, but not limited to, the relief prayed for in paragraphs 1 through 6 of the Request for Relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.      Plaintiffs lack standing to bring their claims.

2.      Plaintiffs have failed to state a claim upon which relief can be granted.

3.      This Court lacks jurisdiction over some or all of Plaintiffs' claims.

4.      Plaintiffs' Second Claim for Relief is mooted by promulgation of amendments to ESA regulations on May 5, 2024.

5.      Some or all of Plaintiffs' claims are barred, in whole or in part, by the doctrines of ripeness, laches, waiver and/or estoppel, or exhaustion of administrative remedies.

6.      Some or all of Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations or repose.

7.      Some or all of Plaintiffs' claims are barred, in whole or in part, by application of res judicata and/or collateral estoppel.

8.      Plaintiffs are not entitled to any of the relief requested in the Complaint because the hardship that would be imposed by such relief is greatly disproportionate to any hardship that plaintiffs or those they purport to represent might suffer in its absence.

9.      API reserves the right to amend or supplement these affirmative defenses as appropriate.

123422087.4 0078439-00070

WHEREFORE, API, having fully answered the allegations contained in Plaintiffs' Complaint, respectfully request that this Court enter a judgment dismissing the Complaint with prejudice, and awarding such other and further relief as may be just and warranted.

DATED: June 12, 2024

STOEL RIVES LLP

/s/ Jason T. Morgan
RYAN P. STEEN, Bar No. 1615260
ryan.steen@stoel.com
JASON T. MORGAN, Bar No. 1615129
jason.morgan@stoel.com
TIFFANY M. WANG (*pro hac vice pending*)
tiffany.wang@stoel.com
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500

*Attorneys for (Proposed) Intervenor-Defendant American Petroleum Institute*

123422087.4 0078439-00070