**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al*., | |
| *Plaintiffs*, | |
| v. | Case No. 24-cv-990 (DLF) |
| DEBRA HAALAND, *in her official capacity as Secretary of the U.S. Department of the Interior*, *et al*., | |
| *Defendants*. | |

## FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

The U.S. Fish and Wildlife Service (FWS), Debra Haaland, in her official capacity as Secretary of the U.S. Department of the Interior, and Martha Williams, in her official capacity as Director of the FWS (collectively, Federal Defendants) answer Plaintiffs' Complaint (ECF 1).[1]

1.      The allegations in the first sentence of paragraph 1 are too vague and ambiguous to permit a response and, on that basis, are denied. The allegations in the second sentence of paragraph 1 purport to characterize the Endangered Species Act (ESA), 16 U.S.C. § 1531 *et seq.*, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the third sentence of

---

[1] The Administrative Procedure Act, 5 U.S.C. § 706, governs judicial review of Plaintiffs' claims. As a result, the allegations of fact in the Complaint and any responses in an answer are not relevant to the judicial review. *See American Bioscience v. Thompson*, 269 F.3d 1077, 1083-84 (D.C. Cir. 2001) ("[W]hen a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal. The 'entire case' on review is a question of law.").

paragraph 1 characterize the M-Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

2.      The allegations in paragraph 2 consist of Plaintiffs' characterization of their lawsuit, to which no response is required. To the extent further a response is required, the allegations are denied.

3.      The allegations in the first and third sentences of paragraph 3 consist of Plaintiffs' characterization of their lawsuit, to which no response is required. To the extent a further response is required, the allegations are denied. The allegations in the second sentence of paragraph 3 purport to characterize FWS's 2018 Biological Opinion over oil and gas leases and activities in the Gulf of Mexico, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

4.      The allegations in paragraph 4 purport to characterize FWS's 2018 Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

5.      In response to the allegations in the first sentence of paragraph 5, Federal Defendants admit that there are over 2,240 active oil and gas leases over nearly 12 million acres in the Gulf of Mexico. To the extent not admitted, the allegations in the first sentence of paragraph 5 are denied. The remaining allegations in paragraph 5 are too vague and ambiguous to permit a response and, on that basis, are denied.

6.      The allegations in paragraph 6 are too vague and ambiguous to permit a response and, on that basis, are denied. They also characterize unidentified agency predictions, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

7.      Federal Defendants deny the allegations in the first, third, and fourth sentences of paragraph 7, which are also legal conclusions to which no response is required. The allegations in the second sentence of paragraph 7 purport to characterize the 2018 Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

8.      Federal Defendants deny the allegations in paragraph 8, which are also legal conclusions to which no response is required and purport to characterize the 2018 Biological Opinion, which speaks for itself and is the best evidence of its contents.

9.      Federal Defendants deny the allegations in paragraph 9, which are also legal conclusions to which no response is required and purport to characterize the 2018 Biological Opinion, which speaks for itself and is the best evidence of its contents.

10.     The allegations in the third sentence of paragraph 10 are too vague and ambiguous to permit a response and, on that basis, are denied. Federal Defendants deny the remaining allegations in paragraph 10, which are legal conclusions to which no response is required and purport to characterize the 2018 Biological Opinion, which speaks for itself and is the best evidence of its contents.

11.     The allegations in paragraph 11 consist of Plaintiffs' characterization of their lawsuit, to which no response is required. To the extent a further response is required, the allegations are denied.

12.     The allegations in paragraph 12 are conclusions of law to which no response is required. To the extent a further response is required, the allegations are denied.

13.     The allegations in paragraph 13 are conclusions of law to which no response is required. To the extent a further response is required, the allegations are denied.

14.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and deny them on that basis.

15.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and deny them on that basis.

16.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and deny them on that basis.

17.     Federal Defendants deny the allegations in the first sentence of paragraph 17. The remaining allegations in paragraph 17 are too vague and ambiguous to permit a response and, on that basis, are denied.

18.     Federal Defendants deny the allegations in the first sentence of paragraph 18. The allegations in paragraph 18 are too vague and ambiguous to permit a response and, on that basis, are denied.

19.     Federal Defendants deny the allegations in paragraph 19.

20.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and deny them on that basis.

21.     Federal Defendants deny the allegations in paragraph 21, which are also legal conclusions to which no response is required and characterize the 2018 Biological Opinion, which speaks for itself and is the best evidence of its contents.

22.     Federal Defendants deny the allegations in paragraph 22, which are also legal conclusions to which no response is required.

23.     Federal Defendants deny the allegations in paragraph 23, which are also legal conclusions to which no response is required.

24.     The allegations in paragraph 24 consist of Plaintiffs' characterization of their lawsuit, to which no response is required. To the extent a further response is required, the allegations are denied.

25.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and deny them on that basis.

26.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and deny them on that basis.

27.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and deny them on that basis.

28.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and deny them on that basis.

29.     Federal Defendants deny the allegations in paragraph 29, which are also legal conclusions to which no response is required.

30.     Federal Defendants admit the allegations in paragraph 30.

31.     Federal Defendants admit the allegations in paragraph 31.

32.     Federal Defendants admit the allegations in paragraph 32.

33.     The allegations in paragraph 33 purport to characterize *Tenn. Valley Auth. v. Hill*, 437 U.S. 153 (1978), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

34.     Federal Defendants admit the allegations in paragraph 34.

35.     The allegations in paragraph 35 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

36.     The allegations in paragraph 36 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

37.     The allegations in paragraph 37 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

38.     The allegations in paragraph 38 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, or context of either are denied.

39.     The allegations paragraph 39 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, or context of either are denied.

40.     The allegations in the first sentence of paragraph 40 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the second sentence of paragraph 40 purport to characterize *W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472 (9th Cir. 2011), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

41.     The allegations in the first sentence of paragraph 41 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, or context of either are

denied. The allegations in the second sentence of paragraph 41 purport to characterize 51 Fed. Reg. 19,926 (June 3, 1986), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

42.     The allegations in paragraph 42 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, or context of either are denied.

43.     The allegations in paragraph 43 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, or context of either are denied.

44.     The allegations in paragraph 44 purport to characterize the ESA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

45.     The allegations in paragraph 45 purport to characterize the ESA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

46.     The allegations in paragraph 46 purport to characterize the ESA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

47.     The allegations in paragraph 47 purport to characterize the ESA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

48.     The allegations in paragraph 48 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, or context of either are denied.

49.     The allegations in paragraph 49 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, or context of either are denied.

50.     The allegations in paragraph 50 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, or context of either are denied.

51.     The allegations in paragraph 51 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, or context of either are denied.

52.     The allegations in the first sentence of paragraph 52 purport to characterize regulations which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied. The allegations in the second sentence of paragraph 52 purport to characterize the ESA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

53.     The allegations in paragraph 53 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, or context of either are denied.

54.     The allegations in paragraph 54 purport to characterize the Outer Continental Shelf Lands Act (OCSLA), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

55.     The allegations in paragraph 55 purport to characterize the OCSLA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

56.     The allegations in paragraph 56 purport to characterize *Sec'y of the Interior v. California*, 464 U.S. 312 (1984), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

57.     The allegations in paragraph 57 purport to characterize the OCSLA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

58.     The allegations in paragraph 58 purport to characterize the OCSLA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

59.     Federal Defendants admit the allegations in the first sentence of paragraph 59. The allegations in the second and third sentences of paragraph 59 purport to characterize OCSLA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

60.     The allegations in paragraph 60 purports to characterize the Administrative Procedure Act (APA), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

61.     The allegations in paragraph 61 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

62.     The allegations in paragraph 62 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

63.     The allegations in paragraph 63 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

64.     The allegations in paragraph 64 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegation contrary to its plain language, meaning, or context are denied.

65.     Federal Defendants admit the allegations in the first sentence of paragraph 65. The remaining allegations in paragraph 65 purport to characterize the M-Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

66.     The allegations in paragraph 66 purport to characterize the M-Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

67.     In response to the allegations in paragraph 67, Federal Defendants admit that M-Opinion is binding on all Departmental offices and officials unless overruled or modified by the Solicitor, the Deputy Secretary, or the Secretary. Federal Defendants deny the remaining allegations in paragraph 67 and aver that the 2018 Biological Opinion speaks for itself and is the best evidence of its contents.

68.     The allegations in the first and second sentences of paragraph 68 purport to characterize 83 Fed. Reg. 35,178 (Jul. 25, 2018), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the third sentence of paragraph 68 purport to characterize 84 Fed. Reg. 44,976 (Aug. 27, 2019), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

69.     Federal Defendants admit the allegations in paragraph 69.

70.     Federal Defendants deny the allegations in paragraph 70.

71.     The allegations in the first sentence of paragraph 71 are too vague and ambiguous to permit a response and, on that basis, are denied. In response to the allegations in the second sentence, Federal Defendants admit that the U.S. joined the Paris Agreement in 2016 and aver that the U.S. later withdrew in 2017 and rejoined in 2020. The remaining allegations in the second sentence purport to characterize commitments contained in the Paris Agreement, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. In response to the allegations in the third sentence, Federal Defendants deny that the federal government issues a National Climate Assessment each year. The remaining allegations in the third sentence purport to characterize the National Climate

Assessment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

72.     The allegations in paragraph 72 purport to characterize Executive Order No. 13990, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

73.     Federal Defendants deny the allegations in the first sentence of paragraph 73. The allegations in the second sentence of paragraph 73 purport to characterize correspondence of February 2021 addressed to President Biden and co-signed by Plaintiffs, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

74.     The allegations in paragraph 74 purport to characterize correspondence of February 2021, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

75.     The allegations in paragraph 75 purport to characterize correspondence of February 2021, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

76.     Federal Defendants deny the allegations in paragraph 76.

77.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in first sentence of paragraph 77 regarding why Plaintiff sent a March 2022 petition and, on that basis, deny them. The remaining allegations in the first sentence of paragraph 77 purport to characterize the March 2022 petition, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context

are denied. The remaining allegations in paragraph 77 are too vague and ambiguous to permit a response and, on that basis, are denied.

78.     Federal Defendants deny the allegations in the first sentence of paragraph 78. In response to the allegations in the second sentence of paragraph 78, Federal Defendants admit that the 2008 M-Opinion is still in effect and deny the remaining allegations.

79.     Federal Defendants admit the allegations in paragraph 79.

80.     Federal Defendants admit the allegations in paragraph 80.

81.     Federal Defendants admit the allegations in paragraph 81.

82.     Federal Defendants admit the allegations in paragraph 82.

83.     Federal Defendants admit the allegations in paragraph 83.

84.     In response to the allegations in paragraph 84, Federal Defendants admit that oil and gas exploration and development occurs in the Gulf of Mexico, which continues to be the nation's primary offshore source of oil and gas, generating about 97% of all U.S. outer continental shelf oil and gas production. To the extent not specifically admitted, Federal Defendants deny the allegations in paragraph 84.

85.     In response to the allegations in paragraph 85, Federal Defendants admit that oil and gas activities could adversely affect ESA-listed species. The remaining allegations in paragraph 85 are too vague and ambiguous to permit a response and, on that basis, are denied.

86.     The allegations in paragraph 86 are too vague and speculative to permit a response and, on that basis, are denied.

87.     The allegations in paragraph 87 purport to characterize a 2019 paper and a 2002 report, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

88.     The allegations in the first sentence of paragraph 88 are too vague and speculative to permit a response and, on that basis, are denied. The allegations in the second, third, and fourth sentences of paragraph 88 purport to characterize a 2019 proposed amendment to the sparrow's recovery plan, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the fifth sentence of paragraph 88 purport to characterize 72 Fed. Reg. 62,735 (Nov. 6, 2007), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the sixth sentence of paragraph 88 purports to characterize a five-year review completed in 2010, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

89.     The allegations in the first sentence of paragraph 89 are too vague and speculative to permit a response and, on that basis, are denied. The remaining allegations in paragraph 89 purport to characterize a five-year review initiated in 2010 for the Mississippi sandhill crane, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

90.     The allegations in paragraph 90 purport to characterize a 2010 five-year review for the roseate tern, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

91.     The allegations in paragraph 91 purport to characterize 74 Fed. Reg. 23,476 (May 19, 2009), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

92.     The allegations in the first sentence of paragraph 92 are too vague and speculative to permit a response and, on that basis, are denied. The allegations in the second and third sentences of paragraph 92 purport to characterize a 2012 five-year review for the whooping crane, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the fourth sentence of paragraph 92 purport to characterize 43 Fed. Reg. 20,938 (May 15, 1978), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

93.     The allegations in paragraph 93 are too vague and speculative to permit a response and, on that basis, are denied.

94.     The allegations in the first sentence of paragraph 94 are too vague and speculative to permit a response and, on that basis, are denied. The remaining allegations in paragraph 94 purport to characterize 81 Fed. Reg. 20,058 (Apr. 6, 2016), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

95.     The allegations in the first sentence of paragraph 95 are too vague and ambiguous to permit a response and, on that basis, are denied. The remaining allegations in paragraph 95 purport to characterize a five-year review for the hawksbill sea turtle completed in 2013, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

96.     The allegations in paragraph 96 purport to characterize a five-year status review for the Kemp's ridley sea turtle, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

97.     The allegations in paragraph 97 purport to characterize a 2013 five-year review for the leatherback sea turtle, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

98.     The allegations in the first sentence of paragraph 98 are too vague and speculative to permit a response and, on that basis, are denied. The allegations in the second and third sentences of paragraph 98 purport to characterize  a 2007 five-year status review for the loggerhead sea turtle, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The remaining allegations in paragraph 98 purport to characterize 79 Fed. Reg. 39,856 (July 10, 2014), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

99.     The allegations in the first sentence of paragraph 99 are too vague and speculative to permit a response and, on that basis, are denied. The remaining allegations in paragraph 99 purport to characterize a 2009 five-year status review for the gulf sturgeon, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

100.     Federal Defendants admit the allegations in the first sentence of paragraph 100. The allegations in the second sentence of paragraph 100 are too vague and speculative to permit a response and, on that basis, are denied. The remaining allegations in paragraph 100 purport to characterize a 2009 five-year review for the Alabama beach mouse, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

101.    The allegations in the first sentence of paragraph 101 are too vague and speculative to permit a response and, on that basis, are denied. The remaining allegations in paragraph 101 purport to characterize a five-year review for the Choctawhatchee beach mouse published in 2019, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

102.    The allegations in paragraph 102 purport to characterize a five-year review for the Perdido Key mouse, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

103.    Federal Defendants admit the allegations in paragraph 103.

104.    The allegations in paragraph 104 are too vague and ambiguous to permit a response and, on that basis, are denied.

105.    Federal Defendants admit the allegations in paragraph 105.

106.    The allegations in the third sentence of paragraph 106 purport to characterize the study *A review of the toxicology of oil in vertebrates: what we have learned following the Deepwater Horizon oil spill*, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. Federal Defendants admit the remaining allegations in paragraph 106.

107.    Federal Defendants admit the allegations in 107.

108.    The allegations in paragraph 108 purport to characterize 88 Fed. Reg. 46,376 (July 19, 2023), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

109.    In response to the allegations in the first sentence of paragraph 109, Federal Defendants admit that oil spills could harm manatees and their habitats, and Federal Defendants

deny the remaining allegations as vague and ambiguous. Federal Defendants admit the allegations in the second and third sentences of paragraph 109. The allegations in the last sentence of paragraph 109 purport to characterize a five-year status review for the West Indian manatee, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

110.     The allegations in paragraph 110 are too vague and ambiguous to permit a response and, on that basis, are denied.

111.     The allegations in the first and last sentences of paragraph 111 are too vague and ambiguous to permit a response and, on that basis, are denied. Federal Defendants admit the remaining allegations in paragraph 111.

112.     The allegations in the first, second, and fifth sentences of paragraph 112 are too vague and ambiguous to permit a response and, on that basis, are denied. The remaining allegations in paragraph 112 purport to characterize a 2015 study, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

113.     The allegations in the first sentence of paragraph 113 are too vague and ambiguous to permit a response and, on that basis, are denied. Federal Defendants admit the allegations in the second, third, and fourth sentences and the allegations in the fifth sentence of paragraph 113 that most vessel strike mortalities are adults. The remaining allegations in the fifth sentence of paragraph 113 purport to characterize life history modeling, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The remaining allegations in paragraph 113 are too vague and ambiguous to permit a response and, on that basis, are denied.

114.    The allegations in the first sentence of paragraph 114 purport to characterize the 2018 Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The remaining allegations in paragraph 114 characterize certain biological opinions, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

115.    Federal Defendants admit the allegations in the first two sentences of paragraph 115 and the allegations in the third sentence of paragraph 115 that the Deepwater Horizon spill oiled approximately 1,100 miles of shoreline in the Gulf of Mexico. The remaining allegations in paragraph 115 are too vague or ambiguous to permit a response and, on that basis, are denied.

116.    In response to the allegations in the first and fourth sentences of paragraph 116, Federal Defendants admit that the Bureaus reinitiated consultation with NMFS and FWS following the Deepwater Horizon spill and aver that the consultation history is in the 2018 Biological Opinion. To the extent not specifically admitted, Federal Defendants deny the remaining allegations in the first and fourth sentences of paragraph 116, which are also legal conclusions to which no response is required. The remaining allegations in paragraph 116 purport to characterize letters and biological assessments submitted during the consultation process, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, or content are denied.

117.    Federal Defendants deny the allegations in the first sentence of paragraph 117 and aver that it issued the 2018 Biological Opinion on April 20, 2018. The remaining allegations in paragraph 117 purport to characterize the Biological Opinion, which speaks for itself and is the

best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

118.     The allegations in paragraph 118 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

119.     The allegations in paragraph 119 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

120.     The allegations in paragraph 120 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

121.     The allegations in paragraph 121 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

122.     The allegations in paragraph 122 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

123.     Federal Defendants deny the allegations in paragraph 123.

124.     The allegations in paragraph 124 are too vague and speculative to permit a response and, on that basis, are denied.

125.     The allegations in paragraph 125 are too vague and speculative to permit a response and, on that basis, are denied.

126.     The allegations in paragraph 126 purport to characterize the 2018 Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

127.     The allegations in the first, second, third, and fourth sentences of paragraph 127 purport to characterize the 2018 Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the fifth, sixth, and seventh sentences of paragraph 127 purport to characterize the referenced studies, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied. The remaining allegations in paragraph 127 purport to characterize a National Marine Fisheries Service (NMFS) biological opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

128.     The allegations in paragraph 128 purport to characterize the 2018 Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

129.     The allegations in paragraph 129 purport to characterize the 2018 Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

130.     The allegations in paragraph 130 purport to characterize the 2018 Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

131.    The allegations in paragraph 131 purport to characterize the 2018 Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

132.    The allegations in the first, second, and third sentences of paragraph 132 purport to characterize the 2018 Biological Opinion and a Notice to Lessees 2016-G01, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied. Federal Defendants deny the remaining allegations in paragraph 132.

133.    In response to paragraph 133, Federal Defendants incorporate the responses to the allegations set forth in paragraphs 1 through 132 in the Complaint.

134.    Federal Defendants deny the allegations in paragraph 134, which also are legal conclusions to which no response is required and purport to characterize the ESA, regulations, and the 2018 Biological Opinion, which speak for themselves and are the best evidence of their contents.

135.    Federal Defendants deny the allegations in paragraph 135, which also are legal conclusions to which no response is required and purport to characterize the ESA, regulations, and the 2018 Biological Opinion, which speak for themselves and are the best evidence of their contents.

136.    Federal Defendants deny the allegations in paragraph 136, which also are legal conclusions to which no response is required and purport to characterize the ESA, regulations, and the 2018 Biological Opinion, which speak for themselves and are the best evidence of their contents.

137.     Federal Defendants deny the allegations in paragraph 137, which also are legal conclusions to which no response is required and purport to characterize the ESA, regulations, and the 2018 Biological Opinion, which speak for themselves and are the best evidence of their contents.

138.     In response to paragraph 138, Federal Defendants incorporate the responses to the allegations set forth in paragraphs 1 through 132 in the Complaint.

139.     The allegations in paragraph 139 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

140.     The allegations in the first sentence of paragraph 140 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. In response to the allegations in the second sentence of paragraph 140, Federal Defendants admit that more than three years have passed since February 11, 2021, and deny the remaining allegations in paragraph 140.

141.     Federal Defendants admit the allegations in the first sentence of paragraph 141. Federal Defendants deny the remaining allegations in paragraph 141, which are also legal conclusions to which no response is required.

142.     Federal Defendants deny the allegations in paragraph 142, which are also legal conclusions to which no response is required.

143.     The allegations in paragraph 143 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

144.    Federal Defendants deny the allegations in paragraph 144, which are also legal conclusions to which no response is required.

## RESPONSE TO REQUEST FOR RELIEF

The rest of the Complaint consists of Plaintiffs' Request for Relief, to which no response is required. To the extent a further response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested, or any relief whatsoever.

## GENERAL DENIAL

Defendants deny the allegations not otherwise expressly admitted, qualified or denied.

## AFFIRMATIVE AND OTHER DEFENSES

1.    Plaintiffs lack standing and the Court lacks jurisdiction over Plaintiffs' claims.

2.    Plaintiffs have waived or abandoned the second claim for relief by failing to raise their claims to the agency.

Federal Defendants therefore request that the Court dismiss the Complaint and enter judgment for Federal Defendants.

Respectfully submitted,

Dated: June 21, 2024

TODD KIM,
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

*/s/ Davis A. Backer*
DAVIS A. BACKER (CO Bar No. 53502)

*/s/ Michael R. Eitel*
MICHAEL R. EITEL (NE Bar No. 22889)
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, South Terrace, Suite 370
Denver, Colorado 80202

24

Tel: (303) 844-1898 (Backer)
Tel: (303) 844-1479 (Eitel)
Fax: (303) 844-1350
Email: davis.backer@usdoj.gov
Email: michael.eitel@usdoj.gov

*Attorneys for Federal Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 21, 2024, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of this filing to the attorneys of record.

/s/ *Davis A. Backer*
*Attorney for Federal Defendants*
