## ENDANGERED SPECIES COMMITTEE

**SUMMARY:**

The Endangered Species Committee held a public meeting on Tuesday, March 31, 2026, in Washington, D.C., to address the Secretary of War's finding that it is necessary for reasons of national security to exempt Gulf of America Oil and Gas Activities (defined below) from the requirements of the Endangered Species Act. By unanimous vote, the Committee exempted under section 7(h) of the Endangered Species Act the Gulf of America Oil and Gas Activities, which include the avoidance or minimization measures described in the National Marine Fisheries Service's (NMFS) 2025 biological opinion and in the U.S. Fish and Wildlife Service's (FWS) 2018 and 2025 consultation decisions.

**SUPPLEMENTARY INFORMATION:**

A notice in the March 16, 2026 Federal Register, 91 FR 12672, advised that the Secretary of the Interior, who is also the Chairman of the Endangered Species Committee, had called a meeting of the Endangered Species Committee for Tuesday, March 31, 2026, in Washington, D.C., with the meeting open to the public through livestreaming.

**DECISION:**

On March 13, 2026, the Chairman of the Endangered Species Committee received from the Secretary of War a March 13, 2026 Letter regarding the Endangered Species Act. The Secretary of War notified the Chairman that he found it necessary for reasons of national security that the Endangered Species Committee grant an exemption from the Endangered Species Act's requirements for the agency action reviewed in NMFS's 2025 biological opinion and in FWS's 2018 and 2025 consultation decisions. That agency action is defined in the Secretary of War's National Security Findings (paragraphs 90 and 103) and covers all oil and gas exploration, development, and production activities associated with the Bureau of Ocean Energy Management's (BOEM) and the Bureau of Safety and Environmental Enforcement's (BSEE) Outer Continental Shelf Oil and Gas Program.[1] The agency action is referred to here as "Gulf of America Oil and Gas Activities." The Gulf of America Oil and Gas Activities include both the oil and gas exploration, development, and production activities, as well as the avoidance or minimization measures that are described in the agency action analyzed in NMFS's 2025 biological opinion and in FWS's 2018 and 2025 consultation decisions.

Section 7(j) of the Endangered Species Act provides: "Notwithstanding any other provision of this chapter, the Committee shall grant an exemption for any agency action if the Secretary of [War] finds that such exemption is necessary for reasons of national security." 16 U.S.C. § 1536(j). The Secretary of War, after making this finding, requested that the Chairman convene a meeting of the

---

[1] The Secretary of War attached his National Security Findings to the March 13 Letter that he sent to the Chairman.

Endangered Species Committee as soon as practicable to grant an exemption to safeguard and protect the national security. The Chairman then called a meeting for March 31, 2026, and the Committee convened that day.

Based on the Secretary of War's National Security Findings, the Committee grants pursuant to section 7(h) an exemption from the requirements of the Endangered Species Act for Gulf of America Oil and Gas Activities. 16 U.S.C. § 1536(h). With this exemption, the federal agencies implementing the Gulf of America Oil and Gas Activities are not required to comply with the section 7(a)(2) procedural consultation and substantive "jeopardy" and "adverse modification" mandates when they authorize, fund, or carry out covered agency actions. 16 U.S.C. § 1536(h). Further, any action that would ordinarily be considered a take shall not be prohibited under the Endangered Species Act. 16 U.S.C. § 1536(o)(1). This exemption applies to the full scope of the Gulf of America Oil and Gas Activities, and for the duration of those actions. Because the covered agency action includes robust avoidance or minimization measures, those measures shall continue to be implemented under this Order.

The Committee recognizes that the Endangered Species Act sets out a process for the Committee to consider an application for an exemption and standards for the Committee to apply when considering an application. 16 U.S.C. § 1536(g), (h)(1). The Committee concludes that these other provisions of Section 7, including the application requirements and standards, do not apply when the Secretary of War finds that an exemption is necessary for reasons of national security. When the Secretary of War makes such a finding, the statute and regulations require the Committee to grant an exemption "[n]otwithstanding any other provision of this chapter." 16 U.S.C. § 1536(j); 50 C.F.R. § 453.03(d). "[A]ny other provision" includes the application requirements and standards, and all other provisions in the Endangered Species Act.

The Endangered Species Act also states: "If the Committee determines under subsection (h) that an exemption should be granted with respect to any agency action, the Committee shall issue an order granting the exemption and specifying the mitigation and enhancement measures established pursuant to subsection (h) which shall be carried out and paid for by the exemption applicant in implementing the agency action." 16 U.S.C. § 1536(*l*)(1). The Order need not specify any such mitigation and enhancement measures here because the application and other related requirements do not apply. The mitigation-and-enhancement requirement contemplates an application and an "exemption applicant," which are not present in this situation where the Secretary of War determines that an exemption is necessary for reasons of national security. But even if the requirement applied, it would be satisfied here based on mitigation measures included in the Secretary of War's findings. Specifically, the agency action that is the subject of the Secretary of War's findings includes the avoidance or minimization measures described in NMFS's 2025 biological opinion and in FWS's 2018 and 2025 consultation documents.

The Committee understands that any person may obtain judicial review of this decision, which is made under 16 U.S.C. § 1536(h), "in the United States Court of Appeals for . . . any circuit wherein

the agency action concerned will be, or is being, carried out." 16 U.S.C. § 1536(n). Here, the agency action is being carried out in the federal waters of the Gulf of America and state waters and lands, including coastal areas, ports, airspaces, and waterways, which means that a person may obtain judicial review exclusively in the U.S. Courts of Appeals for the Fifth or Eleventh Circuits. If this decision is challenged in litigation, the Committee designates attorneys at the U.S. Department of Justice to appear for and represent the Committee. 16 U.S.C. § 1536(n).

**ORDER:**

On the basis of the decision and findings stated above, the Committee grants an exemption for Gulf of America Oil and Gas Activities, which include the avoidance or minimization measures described in NMFS's 2025 biological opinion and in FWS's 2018 and 2025 consultation decisions.

This decision and order are effective immediately.

March 31, 2026

Doug Burgum
Secretary of the Interior

Brooke Rollins
Secretary of Agriculture

Dan Driscoll
Secretary of the Army

Pierre Yared
Acting Chairman of the Council of
Economic Advisors

Lee Zeldin
Administrator of Environmental Protection Agency

Dr. Neil Jacobs
Under Secretary of Commerce for
Oceans and Atmosphere and National
Oceanic Atmospheric Administration
Administrator